[Civ. No. 1759.  Second Appellate District.—August 5, 1915.]

## F. D. KEATON, Appellant, v. SOUTHERN CALIFORNIA EDISON COMPANY, Respondent.

NEGLIGENCE—ACTION FOR DAMAGES—PERSONAL INJURIES—NONSUIT.—
In this action for damages for personal injuries alleged to have been occasioned to plaintiff as an employee of the defendant through the negligence of the latter, it is held that the court properly granted a nonsuit as to the second cause of action, based upon the claim that the place where the plaintiff was directed and required to work was not a reasonably safe place in which to work, because the evidence showed that plaintiff as an experienced electrician was well aware of all the dangers of the particular place in which he was employed at the time of the accident; but that the court erred in granting a nonsuit as to the first cause of action, as both the complaint and the evidence were sufficient to show the fact of plaintiff's employment by the defendant, both at the commencement thereof and at the time the plaintiff received his injuries, and that the injuries were occasioned by the negligence of an employee of the defendant superior in authority to plaintiff.

APPEAL from a judgment of the Superior Court of Santa Barbara County.  S. E. Crow, Judge.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

W. G. Griffith, Hamilton A. Bauer, and Bernard Silverstein, for Respondent.

JAMES, J.—In this action, brought to recover damages for injuries sustained by the plaintiff as an employee of the defendant and because of the defendant's negligence, the trial court, at the conclusion of the plaintiff's case in chief, granted the motion of the defendant for judgment of nonsuit.  An appeal has been taken from that judgment and is presented on a bill of exceptions.

There were two counts in the plaintiff's complaint, in the first of which it was alleged that on or about the fourth day of December, 1910, plaintiff was employed by the defendant to perform personal services as a wireman's helper; that on or about the twentieth day of June, 1911, plaintiff was

sent by the defendant to the city of Santa Barbara to assist in making certain changes in the wiring of the light and power house of Santa Barbara Gas & Electric Company; that in rendering said assistance as wireman's helper the plaintiff was placed by defendant under the control and direction of one O'Connel, an employee of the defendant; that the said O'Connel had the right to control and direct the plaintiff in the rendering of the service; that on the thirty-first day of August, 1911, plaintiff was engaged in assisting O'Connel to bore a hole through the floor of the power house for the purpose of passing wires through the same; that the plaintiff was directed by O'Connel to press down on the top of a brace used in the boring while O'Connel turned the same, and that while plaintiff was acting as directed O'Connel negligently jerked the bit from the hole and thereby caused plaintiff to lose his balance and fall against some live, uninsulated wires, by reason of which plaintiff was severely burned. A second count in the complaint presented a cause of action based upon the claim that the place where the plaintiff was directed and required to perform the service was not a reasonably safe place in which to work. As to the second alleged cause of action, the judgment of nonsuit, in our opinion, was properly granted, because the evidence showed that the plaintiff as an experienced electrician was well aware of all of the dangers of the particular place in which he was employed at the time of the accident. Not so, however, as to the first alleged cause of action.

Respondent insists, first, that neither the complaint nor the evidence showed that at the time the plaintiff suffered the injuries he was employed by the defendant. The substance of the complaint which has been stated hereinbefore sufficiently shows that the fact of the plaintiff's employment by the defendant, both at the commencement thereof and at the time plaintiff received his injuries, was alleged with sufficient clearness to leave no doubt as to the intent of the pleader in that respect. There was ample evidence to sustain the allegations as to the plaintiff being in the employ of the defendant when he was injured, as well as to show that he was completely under the authority and direction of O'Connel and that O'Connel was in superior authority over him. The application of the provisions of section 1970 of the Civil Code, upon the evidence submitted, seems to leave no doubt as to

a *prima facie* case having been made out in favor of the plaintiff. Those portions of the section cited which have material bearing on the question are as follows: "An employer is not bound to indemnify his employee for losses suffered by the latter . . . in consequence of the negligence of another person employed by the same employer in the same general business, . . . ; provided, nevertheless, that the employer shall be liable for such injury when the same results from the wrongful act, neglect or default of any agent or officer of such employer, superior to the employee injured, or of a person employed by such employer having the right to control or direct the services of such employee injured, . . . " The evidence here showed that O'Connel, after instructing the plaintiff to bear on the top of the brace which was attached to a bit and which was being used to bore a hole through some woodwork, proceeded to turn the brace, it being one of a kind called a ratchet brace; that finding that the bit was not progressing through the wood, it was withdrawn and O'Connel looked into the hole to see whether a nail had been encountered; he remarked that it seemed all right and the bit was replaced and a further attempt was made to bore the hole. Again, the bit failed to work and O'Connel became angered and jerked it out. The plaintiff testified that the place where they were at work was very close to live wires and that he was about to ask O'Connel not to jerk so hard and had uttered the word "don't," when O'Connel jerked the bit entirely from the hole, causing the plaintiff to lose his balance and fall and his body to make contact with live electrical points, resulting in the serious burning of his hand and arm. There can be no question at all but that this act of O'Connel was a negligent one, and surely it may not be said that the plaintiff was to anticipate that the man under whose direction he was then working and who was his superior in authority would be guilty of negligence of that kind. The plaintiff, according to his own testimony, was not allowed time within which to suggest to his superior that he should act more carefully. O'Connel was also an experienced electrician and knew of the location of the dangerous agencies which surrounded the place where the two men were at work. As described by the plaintiff, his act was heedless and to the last degree negligent. Under such facts

plaintiff was entitled to have his case go to the jury or at any rate to require the defendant to make proof in defense of the cause of action first set out in the complaint.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.